IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEW GAMING SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-08-0698-HE |
| ) | |
| NATIONAL INDIAN GAMING ) | |
| COMMISSION, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff New Gaming Systems, Inc. ("NGS") filed this action against the National Indian Gaming Commission ("NIGC"), its chairman and vice chairman, the Sac and Fox Nation("Nation") and the Sac & Fox Business Enterprise ("Business Enterprise") seeking judicial review of an agency decision under the Administrative Procedures Act ("APA"), 5 U.S. C. §§ 701-706. The dispute arises out of an equipment lease and promissory note NGS, the Nation and the Business Enterprise executed in conjunction with the construction and operation of a casino the Business Enterprise owns and operates for the Nation in Oklahoma. The NIGC determined the lease and note constitute an unapproved "management contract" under the Indian Gaming Regulatory Act ("IGRA") and NGS seeks review of that agency decision. The Nation and Business Enterprise have filed a motion asking the court to stay this case pending NGS's exhaustion of tribal court remedies.[1]

In 2005, NGS sued the Nation and Business Enterprise in the Sac and Fox tribal court

---

[1] NIGC and its chairman and vice chairman neither oppose nor support the motion to stay.

for breach of the lease and note. A key issue in that litigation is the validity of those agreements. Two years later, while that action was pending, the Nation asked the NIGC for a final agency determination as to whether the lease and note comprised a management agreement under IGRA. On May 22, 2008, the agency issued its final decision, finding that the agreements constituted a management contract under IGRA, which the Chairman of the NIGC had properly disapproved because the agreements did not comply with the statute and applicable regulation. NGS then filed this action on July 10, 2008, seeking review of the NIGC's decision under the APA. The Tribe and Business Enterprise immediately moved to stay these proceedings pending a final resolution of the tribal court action.

On October 16, 2008, the tribal court dismissed NGS's lawsuit, finding that the equipment lease and promissory note, when considered together, met the definition of a management contract under IGRA requiring the approval of the NIGC Chairman. As the Chairman had not approved the lease and note, the tribal court concluded they were void. Because the agreements were void, the tribal court held that the Tribe's limited waiver of sovereign immunity contained in the agreements was ineffective, requiring a dismissal of the case for lack of jurisdiction.

The immediate question for this court to resolve is whether to stay the proceedings pending appellate review of the tribal court's final order. "The Supreme Court, citing the promotion of tribal self-government and principles of comity (as opposed to a jurisdictional prerequisite), has required litigants to exhaust their tribal court remedies before a district court may evaluate the existence of a tribal court's jurisdiction." Burrell v. Armijo, 456 F.3d

Case 5:08-cv-00698-HE   Document 26   Filed 03/17/09   Page 3 of 4

1159, 1168 (10th Cir. 2006), citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15-16 (1987).² NGS does not discuss pertinent Supreme Court precedent in its brief, contending, without citation of authority, that "the Nation's assertions concerning exhaustion of tribal remedies are inapplicable to this action." Plaintiff's response, p. 7.

The plaintiff essentially argues that the tribal court lacks jurisdiction to determine the validity of the lease and note because "the process for judicial review of the NIGC Final Order lies in federal court, not tribal court." *Id*. While NGS may be correct, it may seek federal court review of the tribal court's ruling that it has jurisdiction after exhaustion is completed. Burrell, 456 F.3d at 1168.

The action must be stayed pending exhaustion of tribal remedies, which includes appellate review. LaPlante, 480 U.S. at 17. *See* Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F.3d 1412 (8th Cir. 1996). Accordingly, the Nation and Business Enterprise's motion to stay [Doc. #8] is **GRANTED**. Responses to the complaint will be due within **ten days** after the tribal court's decision is final, unless an earlier date is set by the court *sua sponte* or upon request by a party.

---

²*Exhaustion is not required "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction." Nat'l Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 857 n.21 (1985) (internal citation omitted). It also is not required when "[w]hen ... it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by [the main rule established in Montana v. United States] or ... it is otherwise clear that the tribal court lacks jurisdiction so that the exhaustion requirement would serve no purpose other than delay." Burrell, 456 at 1168 (internal citation omitted). None of the exceptions to exhaustion are alleged to apply here.*

**IT IS SO ORDERED**.

Dated this 17th day of March, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE